TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
CATHERINE S. AHN (Cal. Bar No. 248286)
Assistant United States Attorney
Major Frauds Section
        1100 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-2424
        Facsimile: (213) 894-0141
        E-mail:    catherine.s.ahn@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
5/5/2021
CENTRAL DISTRICT OF CALIFORNIA
BY:        JB        DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 2:21-cr-00217-FMO |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT LORENA BECERRA |
| v. | |
| LORENA BECERRA, | |
| Defendant. | |

1.   This constitutes the plea agreement between LORENA BECERRA

("defendant") and the United States Attorney's Office for the Central

District of California (the "USAO") in the investigation of

defendant's activities as Secretary-Treasurer of a union relating to

making false statements in records required to be filed by a labor

union.  This agreement is limited to the USAO and cannot bind any

other federal, state, local, or foreign prosecuting, enforcement,

administrative, or regulatory authorities.

                    DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

        a.   At the earliest opportunity requested by the USAO and

provided by the Court, appear and plead guilty to the single-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with False Statement in Reports Required to be Filed by Labor Union, in violation of 29 U.S.C. § 439(b), a Class A Misdemeanor.

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   At or before the time of sentencing, satisfy any and all restitution/fine obligations based on ability to pay by delivering a certified check or money order to the Fiscal Clerk of the Court, to be held until the date of sentencing and, thereafter, applied to satisfy defendant's restitution/fine balance.  Payments may be made to the Clerk, United States District Court, Fiscal Department, 255 East Temple Street, 11th Floor, Los Angeles, California 90012.

2

1      i.   Agree to and not oppose the imposition of the

2 following condition of probation or supervised release:  Not seek

3 employment at a labor organization, as defined in 29 U.S.C. § 402, as

4 an officer, director, member of any executive board or similar

5 governing body, business agent, manager, employee, or representative

6 in any capacity of any labor organization or as a labor relations

7 consultant or advisor, or in any capacity that involves decision-

8 making authority concerning, or decision-making authority over, or

9 custody of, or control of the monies, funds, assets, or property of

10 any labor organization for a period 13 years after conviction.

11      j.   Agree that all court appearances, including

12 defendant's change of plea hearing and sentencing hearing, may

13 proceed by video-teleconference ("VTC") or telephone, if VTC is not

14 reasonably available, so long as such appearances are authorized by

15 Order of the Chief Judge No. 20-186 or another order, rule, or

16 statute.  Defendant understands that, under the Constitution, the

17 United States Code, and/or the Federal Rules of Criminal Procedure

18 (including Rules 11, 32, and 43), she may have the right to be

19 physically present at these hearings.  Defendant understands that

20 right and, after consulting with counsel, voluntarily agrees to waive

21 it and to proceed remotely.  Defense counsel also joins in this

22 consent, agreement, and waiver.  Specifically, this agreement

23 includes, but is not limited to, the following

24      i.   Defendant consents under Federal Rules of

25 Criminal Procedure 5(f), 10(c), and 43(b)(2) and Section 15002(b) of

26 the CARES Act to proceed with her initial appearance and arraignment

27 by VTC or telephone, if VTC is not reasonably available.

28

3

ii.   Defendant consents under Federal Rule of Criminal Procedure 43(b)(2) and Section 15002(b) of the CARES Act to proceed with her change of plea hearing by VTC or telephone, if VTC is not reasonably available.

iii. Defendant consents under Federal Rule of Criminal Procedure 43(b)(2) and Section 15002(b) of the CARES Act to proceed with her sentencing hearing by VTC or telephone, if VTC is not reasonably available.

iv.   Defendant consents under 18 U.S.C. § 3148 and Section 15002(b) of the CARES Act to proceed with any hearing regarding alleged violations of the conditions of pretrial release by VTC or telephone, if VTC is not reasonably available.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

<u>NATURE OF THE OFFENSE</u>

4.   Defendant understands that for defendant to be guilty of the crime charged in the single-count information, that is, False Statement in Reports Required to Be Filed by Labor Union, in violation of 29 U.S.C. § 439(b), the following must be true:

1          a.    Information in a report required to be filed by a

2    labor organization engaged in an industry affecting interstate

3    commerce, as required under 29 U.S.C. § 431 contained a false

4    statement or omission;

5          b.    The false statement or omission was material;

6          c.    Defendant made the false statement or omission; and

7          d.    Defendant acted knowingly.

8                        PENALTIES AND RESTITUTION

9      5.    Defendant understands that the statutory maximum sentence

10   that the Court can impose for a violation of 29 U.S.C. § 436(b) is:

11   one year of imprisonment; a one-year period of supervised release; a

12   fine of $10,000 or twice the gross gain or gross loss resulting from

13   the offense, whichever is greatest; and a mandatory special

14   assessment of $25.

15     6.    Defendant understands that supervised release is a period

16   of time following imprisonment during which defendant will be subject

17   to various restrictions and requirements.  Defendant understands that

18   if defendant violates one or more of the conditions of any supervised

19   release imposed, defendant may be returned to prison for all or part

20   of the term of supervised release authorized by statute for the

21   offense that resulted in the term of supervised release, which could

22   result in defendant serving a total term of imprisonment greater than

23   the statutory maximum stated above.

24     7.    Defendant understands that probation is period of time

25   imposed in lieu of imprisonment during which defendant will be

26   subject to various terms and conditions, including restrictions and

27   requirements.  Defendant understands that if she violates a condition

28   of probation at any time prior to the expiration or termination of

                                    5

the term of probation, the Court may continue her on probation, with or without extending the term or modifying or enlarging the conditions, or revoke the sentence of probation and resentence defendant to any sentence up to the statutory maximum, including imprisonment, for the offense of conviction.

8.    Defendant understands that defendant will be required to pay full restitution to the victim of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty for any losses suffered by that victim as a result.  The parties currently believe that the applicable amount of restitution is approximately $23,801.62, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.  Further, the parties recognize and agree that payments defendant has already made to the victim (Commercial Workers of America, Local 14904), may be credited against the amount of restitution owed and the restitution ordered at sentencing should be offset by any principal payments defendant has made to the victim prior to sentencing.  Any credit of payment is subject to the approval of the Clerk's Office or, if not approved, the Court. Defendant understands that she is responsible for ensuring sufficient documentation establishing entitlement to any payment credit is

1    provided to the Financial Litigation Section by email to

2    usacac.FinLit@usdoj.gov.

3        9.   Defendant understands that, by pleading guilty, defendant

4    may be giving up valuable government benefits and valuable civic

5    rights.  Defendant understands that the conviction in this case may

6    also subject defendant to various other collateral consequences,

7    including but not limited to revocation of probation, parole, or

8    supervised release in another case and suspension or revocation of a

9    professional license.  Defendant understands that unanticipated

10   collateral consequences will not serve as grounds to withdraw

11   defendant's guilty plea.

12       10.  Defendant understands that, if defendant is not a United

13   States citizen, the conviction in this case may subject defendant to:

14   removal, also known as deportation, which may, under some

15   circumstances, be mandatory; denial of citizenship; and denial of

16   admission to the United States in the future.  The Court cannot, and

17   defendant's attorney also may not be able to, advise defendant fully

18   regarding the immigration consequences of the conviction in this

19   case.  Defendant understands that unexpected immigration consequences

20   will not serve as grounds to withdraw defendant's guilty plea.

21                              FACTUAL BASIS

22       11.  Defendant admits that defendant is, in fact, guilty of the

23   offense to which defendant is agreeing to plead guilty.  Defendant

24   and the USAO agree to the statement of facts provided below and agree

25   that this statement of facts is sufficient to support a plea of

26   guilty to the charge described in this agreement and to establish the

27   Sentencing Guidelines factors set forth in paragraph 13 below but is

28   not meant to be a complete recitation of all facts relevant to the

                                    7

underlying criminal conduct or all facts known to either party that relate to that conduct.

From in or about April 2015 until in or about early May 2017 defendant LORENA BECERRA was the Secretary-Treasurer of a Union, namely, the Communication Workers of America, AFL-CIO, Local 14904, Southern California Typographical and Mailer Union ("CWA 14904") located in Los Angeles County, within the Central District of California.  CWA 14904 was a labor organization engaged in an industry affecting interstate commerce and was required, as defendant BECERRA then knew, to file annual financial reports with the United States Department of Labor, namely, the Labor Organization Annual Report ("Form LM-3").  As Secretary-Treasurer, defendant BECERRA was responsible for preparing and filing CWA 14904's Form LM-3 for each fiscal year, which report defendant verified by a written declaration that it was made under the penalty of perjury and that she believed the information submitted in the report to be true, correct, and complete.  As defendant BECERRA knew, Section 24 of the Form LM-3 required CWA 14904 to account for, among other things, all gross salary, allowances, and other disbursements paid to each officer of CWA 14904.

On or about March 2, 2017, defendant BECERRA knowingly falsely reported a material fact on the Forms LM-3 for the fiscal years ending September 30, 2015 ("FY2015") and September 30, 2016 ("FY2016"), which she prepared for the Department of Labor on behalf of CWA 14904.  Specifically, defendant BECERRA falsely reported in Section 24 on each of CWA 14904's Forms LM-3 for FY2015 and FY2016 that defendant BECERRA had received approximately $438 in gross salary, allowances, and other disbursements in each of FY2015 and

FY2016 when, as defendant BECERRA then knew, she received a total gross salary, allowances, and other disbursements greater than approximately $438 in each of FY2015 and FY2016.  In fact, as defendant BECERRA then knew, between in or about September 2015 and in or about April 2017, defendant BECERRA abused her position as CWA 14904's Secretary-Treasurer to use CWA 14904's checking account to: (1) write unauthorized checks drawn on a bank account in the name of CWA 14904 to herself; (2) write unauthorized checks drawn on a bank account in the name of CWA 14904 to pay her personal bills; and (3) make unauthorized cash withdrawals from a bank account in the name of CWA 14904.  In FY2015 and FY2016, defendant BECERRA received and benefitted from unauthorized disbursements from CWA 14904 totaling approximately $9,405.33, the entirety of which she failed to report on CWA 14904's Forms LM-3 for those years.  In addition, defendant BECERRA further received and benefitted from unauthorized disbursements of $14,396.29 between October 2016 and April 2017.  In sum, between in or about September 2015 and in or about April 2017, defendant BECERRA received and benefitted from unauthorized disbursements from CWA 14904 in the total amount of approximately $23,801.62.

SENTENCING FACTORS

12.  Defendant understands that the Sentencing Guidelines apply in determining defendant's sentence because the crime to which defendant is pleading guilty is a Class A misdemeanor.  Defendant also understands that the Court is required to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and that after considering the § 3553(a) factors, the Court will be free to exercise

its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2E5.3(a)(1) |
| Specific Offense Characteristics: | | |
| Loss amount between $15,000 and $40,000 | +4 | U.S.S.G. § 2B1.1(b)(1)(C) |
| Adjustments: | | |
| Abuse of Position of Trust | +2 | U.S.S.G. § 3B1.3 |
| Acceptance of Responsibility | -2 | U.S.S.G. § 3E1.1(a) |
| Total Offense Level | 10 | |

The USAO will agree to a two-level downward adjustment for acceptance of responsibility (and, if applicable, move for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the conditions set forth in paragraph 3(c) are met and if defendant has not committed, and refrains from committing, acts constituting obstruction of justice within the meaning of U.S.S.G. § 3C1.1, as discussed below.  Subject to paragraph 25 below, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed. Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of

U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section and to argue that defendant is not entitled to a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.

14. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

16. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.   The right to persist in a plea of not guilty.

    b.   The right to a speedy and public trial by jury.

    c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e.   The right to confront and cross-examine witnesses against defendant.

    f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

11

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

17.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

18.   Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than the high-end of the Sentencing Guidelines range calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than

$23,801.62; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

19.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than the low-end of the Sentencing Guidelines range calculated by the Court, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $23,801.62.

<u>WAIVER OF COLLATERAL ATTACK</u>

20.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

13

1    RESULT OF VACATUR, REVERSAL OR SET-ASIDE

2         21.  Defendant agrees that if the count of conviction is

3    vacated, reversed, or set aside, both the USAO and defendant will be

4    released from all their obligations under this agreement.

5                    EFFECTIVE DATE OF AGREEMENT

6         22.  This agreement is effective upon signature and execution of

7    all required certifications by defendant, defendant's counsel, and an

8    Assistant United States Attorney.

9                       BREACH OF AGREEMENT

10        23.  Defendant agrees that if defendant, at any time after the

11   effective date of this agreement, knowingly violates or fails to

12   perform any of defendant's obligations under this agreement ("a

13   breach"), the USAO may declare this agreement breached.  All of

14   defendant's obligations are material, a single breach of this

15   agreement is sufficient for the USAO to declare a breach, and

16   defendant shall not be deemed to have cured a breach without the

17   express agreement of the USAO in writing.  If the USAO declares this

18   agreement breached, and the Court finds such a breach to have

19   occurred, then: (a) if defendant has previously entered a guilty plea

20   pursuant to this agreement, defendant will not be able to withdraw

21   the guilty plea, and (b) the USAO will be relieved of all its

22   obligations under this agreement.

23        COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

24                        OFFICE NOT PARTIES

25        24.  Defendant understands that the Court and the United States

26   Probation and Pretrial Services Office are not parties to this

27   agreement and need not accept any of the USAO's sentencing

28

                              14

recommendations or the parties' agreements to facts or sentencing factors.

25.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

26.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

1

### NO ADDITIONAL AGREEMENTS

2   27.   Defendant understands that, except as set forth herein,

3   there are no promises, understandings, or agreements between the USAO

4   and defendant or defendant's attorney, and that no additional

5   promise, understanding, or agreement may be entered into unless in a

6   writing signed by all parties or on the record in court.

7   ### PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

8   28.   The parties agree that this agreement will be considered

9   part of the record of defendant's guilty plea hearing as if the

10   entire agreement had been read into the record of the proceeding.

11   AGREED AND ACCEPTED

12   UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
13   CALIFORNIA

14   TRACY L. WILKISON
Acting United States Attorney

15

16   _____                    May 3, 2021
                                                  _____
17   CATHERINE S. AHN                             Date
Assistant United States Attorney

18

19   _____                    April 29, 2021
                                                  _____
20   LORENA BECERRA                               Date
Defendant

21

22

23   _____                    April 29, 2021
                                                  _____
24   KIM SAVO                                     Date
Deputy Federal Public Defender
25   Attorney for Defendant Lorena
Becerra

26

27

28

1 <u>CERTIFICATION OF DEFENDANT</u>

2   I have read this agreement in its entirety.  I have had enough

3 time to review and consider this agreement, and I have carefully and

4 thoroughly discussed every part of it with my attorney.  I understand

5 the terms of this agreement, and I voluntarily agree to those terms.

6 I have discussed the evidence with my attorney, and my attorney has

7 advised me of my rights, of possible pretrial motions that might be

8 filed, of possible defenses that might be asserted either prior to or

9 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10 of relevant Sentencing Guidelines provisions, and of the consequences

11 of entering into this agreement.  No promises, inducements, or

12 representations of any kind have been made to me other than those

13 contained in this agreement.  No one has threatened or forced me in

14 any way to enter into this agreement.  I am satisfied with the

15 representation of my attorney in this matter, and I am pleading

16 guilty because I am guilty of the charge[s] and wish to take

17 advantage of the promises set forth in this agreement, and not for

18 any other reason.

19

20

21 _____          _____
LORENA BECERRA                    Date
22 Defendant

23 <u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

24   I am Lorena Becerra's attorney.  I have carefully and thoroughly

25 discussed every part of this agreement with my client.  Further, I

26 have fully advised my client of his [her] rights, of possible

27 pretrial motions that might be filed, of possible defenses that might

28 be asserted either prior to or at trial, of the sentencing factors

17

set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____       April 29, 2021
KIM SAVO                              _____
Deputy Federal Public Defender        Date
Attorney for Defendant Lorena
Becerra

# Exhibit A

1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                   FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                             WESTERN DIVISION

11   UNITED STATES OF AMERICA,          CR No.

12          Plaintiff,                  I N F O R M A T I O N

13          v.                          [29 U.S.C. § 439(b): False
                                        Statement in Reports Required to
14   LORENA BECERRA,                    Be Filed by Labor Union]

15          Defendant.

16

17       The Acting United States Attorney charges:

18                         [29 U.S.C. § 439(b)]

19       On or about March 2, 2017, in Los Angeles County, within the

20   Central District of California, defendant LORENA BECERRA, while

21   employed as the Secretary-Treasurer of the Communication Workers of

22   America, AFL-CIO, Local 14904, Southern California Typographical and

23   Mailer Union ("CWA 14904"), a labor organization engaged in an

24   industry affecting commerce, knowingly made a false statement of

25   material fact on CWA 14904's annual financial form for the fiscal

26   year ending September 30, 2016 ("2016 LM-3"), a report and document

27   required to be filed by CWA 14904 with the Secretary of Labor

28   pursuant to Title 29, Section 431, in that defendant BECERRA stated

**Exhibit A**

in Section 24 of the 2016 LM-3 that defendant BECERRA had received a
total of $438 in gross salary, allowances, and other disbursements
from CWA 14904, when, in fact, as defendant BECERRA then knew, that
statement was false because she had received gross salary,
allowances, and other disbursements in excess of $438.


                                    TRACY L. WILKISON
                                    Acting United States Attorney


                                    BRANDON D. FOX
                                    Assistant United States Attorney
                                    Chief, Criminal Division

                                    RANEE A. KATZENSTEIN
                                    Assistant United States Attorney
                                    Chief, Major Frauds Section

                                    CATHERINE S. AHN
                                    Assistant United States Attorney
                                    Major Frauds Section

2

**Exhibit A**